**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEAR LAM PACKAGING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-8392 |
| v. | ) | |
| | ) | |
| INNOVIA FILMS INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Clear Lam Packaging, Inc. ("Clear Lam"), for its Complaint against defendant Innovia Films Inc. ("Innovia"), states as follows:

### I.       INTRODUCTION

1.       This is a breach of warranty case arising out of the sale of defective cellophane. Innovia manufactures and sells cellophane. Clear Lam purchases cellophane from Innovia for use in the manufacturing of packaging for food products. Innovia sold Clear Lam defective cellophane that caused Clear Lam to suffer damages of approximately $400,000. By this action, Clear Lam seeks to recover the damages it has suffered as a result of the defective cellophane.

### II.       PARTIES

2.       Clear Lam is an Illinois corporation with its principal place of business at 1950 Pratt Boulevard, Elk Grove Village, Illinois. Clear Lam is a leading manufacturer of innovative packaging materials for numerous foods, industrial goods, and personal healthcare products.

3.       Innovia is a Delaware corporation with its principal place of business at 290 Interstate North Circle, Atlanta, Georgia. Innovia is in the business of manufacturing and selling cellophane.

### III.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.  This Court has personal jurisdiction over the defendant because it transacts business in the State of Illinois, entered into a contract with Clear Lam in Illinois, and shipped goods to Clear Lam in Illinois.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the defendant transacts business in the Northern District of Illinois and therefore is deemed to reside in this District, and because a substantial part of the events giving rise to Clear Lam's claims occurred in this District.

### IV.    FACTS

6.      Clear Lam purchases cellophane from Innovia for use in manufacturing of packaging for food products.

7.      Prior to September 2015, Innovia knew that Clear Lam purchased cellophane from Innovia for use in the manufacturing of packaging for food products and knew that Clear Lam was relying on Innovia to provide cellophane suitable for that purpose.

8.      On September 29, 2015, Clear Lam issued Purchase Order number 31126 to Innovia for 13,582 pounds of cellophane to be delivered to Clear Lam on December 29, 2015.  A true and correct copy of the Purchase Order is attached as Exhibit A.

9.      The Purchase Order included the following terms and conditions of sale:

- The submission of the Purchase Order was "Clear Lam's offer to buy the goods and services specified (the 'Goods') in accordance with" the terms and conditions specified in the Purchase Order.

- "Seller's commencement of work on the Goods subject to [the] purchase order or shipment of such Goods, whichever [occurred] first shall be deemed an effective mode of acceptance of [the] purchase order."

- "Any further acknowledgment by the Seller which contains terms in addition to or inconsistent with the following terms and conditions shall not be binding upon Clear Lam unless expressly accepted in writing by Clear Lam."

- "Seller expressly warrants that all Goods or services furnished under this agreement shall: (i) conform to all specifications and appropriate standards; (ii) will be new; (iii) will be free from defects in material or workmanship; (iv) will be adequately contained, packaged, marked and labeled; (v) will be safe and appropriate for the purpose for which Goods or services of that kind are normally used; and (vi) will be produced in compliance with all applicable laws."

- "Seller will indemnify, defend and hold harmless Clear Lam and its subsidiaries and affiliates, and its and their respective directors, officers, employees, and agents, from and against any and all third party claims, demands, suits, obligations, liabilities, damages, losses, judgments, including reasonable costs and expenses (including, but not limited to, reasonable attorneys' fees, court costs, and out-of-pocket expenses) ("Losses") actually incurred by Clear Lam arising out of or resulting from (i) any breach of the warranty…"

- "Seller shall maintain liability insurance policies covering its liabilities hereunder, and shall name Clear Lam as an additional insured."

- "Any legal action concerning this purchase order shall be interpreted under Illinois law with venue in a state or federal court located in Cook County, Illinois."

10.     In October 2015, Innovia accepted Clear Lam's Purchase Order and commenced work on manufacturing the 13,582 pounds of cellophane.

11.     On or before December 29, 2015, Innovia delivered the 13,582 pounds of cellophane to Clear Lam in Elk Grove Village, Illinois.

12.     Innovia charged $45,773.03 for the cellophane.

13.     In reliance on Innovia's warranties that, among other things, the cellophane was free from defects in material or workmanship and was appropriate for the purposes for which Clear Lam uses the cellophane, Clear Lam paid for the cellophane in full.

14.     In breach of its warranties, the cellophane delivered by Innovia was not as warranted.  The cellophane was defective and not appropriate for use in the manufacturing of

3

packaging for food products. Among other things, the permeability properties of the PVDC coating on the cellophane were compromised and caused leaking in the food packaging.

15.     Within a reasonable time after it discovered the breach of warranties, Clear Lam provided Innovia with notice of the breach of warranty.

16.     The defective cellophane has caused Clear Lam to suffer approximately $400,000 in damages, plus attorney fees and costs.

17.     Innovia has refused to compensate Clear Lam for its damages.

18.     Under the Purchase Order, Clear Lam has the right to deduct or setoff its damages from any amounts it allegedly owes Innovia for other purchases or transactions.

## COUNT I
### (Breach of Express Warranty)

19.     Clear Lam incorporates the allegations in paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20.     Clear Lam purchased cellophane from Innovia for use in the manufacturing of packaging for food products.

21.     In consideration of, and as part of the sale, Innovia expressly warranted that the cellophane was free from defects in material or workmanship and was appropriate for the purpose for which cellophane is normally used.

22.     Clear Lam relied upon Innovia's warranties to provide cellophane that was free from defects in material or workmanship and was appropriate for the purpose for which cellophane is normally used. Clear Lam paid Innovia for the cellophane based on these warranties.

23.     In breach of its warranties, Innovia sold Clear Lam cellophane that was defective and not appropriate for the purpose for which cellophane is normally used.

24.     As a direct and proximate result of Innovia's breach of its warranties, Clear Lam was damaged in the amount of approximately $400,000, plus attorney fees and costs.

25.     Within a reasonable time after it discovered the breach, Clear Lam provided Innovia with notice of the breach of warranties.

26.     Innovia has refused to compensate Clear Lam for its damages.

27.     Under the terms of the Purchase Order, Clear Lam is entitled to recover its attorney fees and court costs.

WHEREFORE, Plaintiff Clear Lam Packaging, Inc. respectfully requests that the Court (1) enter judgment in its favor and against Innovia Films Inc.; (2) award damages to Clear Lam in the amount of approximately $400,000; (3) award reasonable attorney's fees and costs to Clear Lam as provided by the Purchase Order; and (4) grant all further relief appropriate under the circumstances.

## COUNT II
### (Breach of Implied Warranties)

28.     Clear Lam incorporates the allegations in paragraphs 1 through 8 and 10 through 18 of the Complaint as though fully set forth herein.

29.     This Count II is pled in the alternative to Count I.

30.     Clear Lam purchased the cellophane from Innovia for use in the manufacturing of packaging for food products.

31.     Prior to September 29, 2015, Innovia knew that Clear Lam purchased the cellophane for use in manufacturing packaging for food products and knew that Clear Lam was relying on Innovia to provide cellophane suitable for that purpose.

32.    As a matter of law, certain implied warranties, including the implied warranty of merchantability and the implied warranty of fitness of a particular purpose applied to the cellophane Innovia sold to Clear Lam.

33.    Innovia breached the implied warranties of merchantability and fitness for a particular purpose by providing Clear Lam with defective cellophane that was not fit for use in manufacturing packaging for food products.

34.    As a direct and proximate result of Innovia's breach of its warranties, Clear Lam was damaged in the amount of approximately $400,000, plus attorney fees and costs.

35.    Within a reasonable time after it discovered the breach, Clear Lam provided Innovia with notice of the breach of warranties.

36.    Innovia has refused to compensate Clear Lam for its damages.

WHEREFORE, Plaintiff Clear Lam Packaging, Inc. respectfully requests that the Court (1) enter judgment in its favor and against Innovia Films Inc.; (2) award damages to Clear Lam in the amount of approximately $400,000; and (3) grant all further relief appropriate under the circumstances.

Clear Lam Packaging, Inc. respectfully requests a trial by jury on all issues so triable.

Dated: August 26, 2016                                    Respectfully submitted,

Caesar A. Tabet (ARDC #6196308)
ctabet@tdrlawfirm.com                          CLEAR LAM PACKAGING, INC.
Michael J. Grant (ARDC #6275028)
mgrant@tdrlawfirm.com
Ashley Crettol Insalaco (ARDC #6305680)    By:         s/Michael J. Grant
ainsalaco@tdrlawfirm.com                       One of Its Attorneys
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
(312) 762-9450